1  Lance Krig
   20413 N. Ercoupe Dr.
2  White Hills, Arizona 86445
   (702) 203-3675
3  scoutnabout@hotmail.com
   No Fax
4  Mark Krig
   4021 N Goose Bay Dr.
5  Wasilla, Alaska
   mstorch6@outlook.com
6

7                United States District Court

8          Central District, Eastern Division of California

9                    CV17-02005 JGB        ( SPx )
    John R Maguire, Kathy Biller Maguire
10                                    Case No. _____

11                         Plaintiffs,

                                      Notice of Removal of Action
12  v.
                                        28 U.S.C. 1441(b)
13  Mark Krig and/or Lance Krig
                                            Diversity
14
    Through Limited Special Appearance.
15

16  TO THE CLERK of the above entitled Court:

17  Please take notice that Lance Krig, with the consent of Mark Krig, hereby remove

18  to this Court; the State OF, County OF Court action described below.

19
       1.  On August 31, 2017, an action was commenced in the Superior Court of
20
           The State OF California, County OF San Bernardino entitled Plaintiff, vs
21
22         Mark Krig, Lance Krig, and Does 1–50 inclusive. A certified copy of the

23         Complaint is attached herewith as EXHIBIT "A"

24

25

                                   1

2. The first date upon which Lance Krig received a copy of the First Amended Verified Complaint and/or Summons was on August 31, 2017. A copy of the Summons is attached herewith as Exhibit "B". Mark Krig consents to the removal of this matter to Federal Court.

3. This is a Civil action of which this Court has original Jurisdiction under 28 U.S.C §1332, and is one which may be removed to this Court by Lance Krig, with Mark Krig consenting, pursuant to the provisions of 28 U.S.C. §1441 in that it is a civil action between citizens of different states, both at the time of commencement of the action, and at the time of removal. The matter in controversy exceeds the sum of $75,000.00 of interest and costs. Plaintiffs never stated an amount by or through their "First Amended Verified Complaint", and thereafter refused to stipulate to an amount less than $75,000.00 when requested to do so. EXHIBIT "C".

4. Complete Diversity of citizenship exists in that Plaintiffs John Robert Maguire and Kathy Biller Maguire, Plaintiffs, and the sole-signer of the Complaint Mahaffey Law Group, are all citizens of The State OF California. Lance Krig, as named in the First Amended Verified Complaint is a citizen of Arizona. Mark Krig, as named, is a citizen of

Alaska. Both Lance Krig and Mark Krig are the only individuals named in the First Amended Verified Complaint.

5. All other Individuals who were served with a summons and First Amended Verified Complaint in this action namely, Mark Krig, have consented to this Notice of Removal as evidenced by the Consent of Mark Krig filed concurrently herewith.

Executed this 28th day of September, 2017;

Lance Krig

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CERTIFIED COPY

PLAINTIFF'S FIRST AMENDED VERIFIED

COMPLAINT

(UN-VERIFIED)

EXHIBIT A



Scanned
ORIGINAL

1   Douglas L. Mahaffey, Esq., SBN 125980
2   Steven E. Paganetti, Esq. SBN 87513
    **MAHAFFEY LAW GROUP**
    **A Professional Corporation**
3   20162 SW Birch, Suite 300
    Newport Beach, California 92660
4   Telephone: (949) 833-1400
    Facsimile: (949) 263-8736
5   Email: dougm@mahaffeylaw.com
           steve@mahaffeylaw.com
6
7   Attorneys for Plaintiffs JOHN R. MAGUIRE and
    KATHY MAGUIRE

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 28 2017

BY _Paula Rogers_
    **Paula Rogers**  DEPUTY

8              **SUPERIOR COURT OF CALIFORNIA**

9      **COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT**

10

11   JOHN R. MAGUIRE and KATHY          Case No.: CIVDS1700169
     MAGUIRE,
12                                      **FIRST AMENDED VERIFIED**
                   Plaintiffs,          **COMPLAINT FOR EXPRESS EASEMENT,**
13                                      **EASEMENT BY PRESCRIPTION,**
            vs.                         **EASEMENT BY NECESSITY, NUISANCE,**
14                                      **TEMPORARY RESTRAINING ORDER,**
     MARK KRIG, LANCE KRIG, and         **PRELIMINARY INJUNCTION AND**
15                                      **PERMANENT INJUNCTION**
     DOES 1 through 50, inclusive,
16                 Defendants.

17

18   Plaintiffs, John R. Maguire and Kathy Maguire, and each of them, hereby allege as follows:

19          1.      At all times herein mentioned, Plaintiffs John R. Maguire and Kathy Maguire

20   ("Maguires") were and are husband and wife residing in the County of San Bernardino.  Further,

21   Maguire were the owners of real property located in the County of San Bernardino, State of

22   California, pursuant to a written Grant Deed recorded on March 15, 1999, in the County of San

23   Bernardino, a true and correct copy of which is attached to this Complaint as Exhibit 1 ("Maguires'

24   Property").

25          2.      At all times herein mentioned, Mark Krig ("Krig") up until May 18, 2017 was the

26   owner of real property designated as APN number 3037-311-14 in the County of San Bernardino,

27   State of California pursuant to a written Grant Deed recorded in the County of San Bernardino,

28   State of California on June 21, 2016.  A true and correct copy of the written Grant Deed is attached

VERIFIED COMPLAINT

5

by Fax
CRC 2.303

1  to this Complaint as Exhibit 2 ("Krig Property").

2      3.    At all times herein mentioned Lance Krig was the owner of the Krig Property From

3  May 18, 2017 to the present time by Quitclaim Deed executed by Mark Krig. A true and correct

4  copy of the Quitclaim Deed is attached as Exhibit 3

5      4.    Defendants DOES 1 through 50, inclusive, are sued in this Complaint under such

6  fictitious names.  Defendants' true names and capacities are unknown to plaintiffs at the present

7  time.  When defendants DOES 1 through 50 true names and capacities are ascertained, plaintiffs

8  will amend this Complaint by asserting their true names and capacities therein.  Plaintiffs are

9  informed and believe and based upon such information and belief thereon allege that each of the

10  fictitiously named defendants are responsible in some manner for the occurrences alleged in this

11  complaint and that plaintiffs' damages as herein alleged were proximately caused by said

12  defendants sued herein as DOES 1 through 50.

13      5.    At all times herein mentioned, Krig, Lance Krig and DOES 1 through 50, inclusive

14  were and are the agent, servant, employee, representative, and/or employer of each other said

15  defendant and as such are sued herein individually and as the agent, servant, employee,

16  representative and/or employer for each other said defendant.  Further, said defendants, and each of

17  them, were at all times herein mentioned acting within the purpose and scope of such agency,

18  servitude, employment and/or representation of each other said defendant and with the express

19  and/or implied consent and/or ratification of each other said defendants' acts.

20      6.    Maguires' Property borders Mountain Springs Road, which is on Krig's and DOES

21  1 through 50's Property and has been used by the Maguire plaintiffs for more than 30 years to

22  obtain ingress and egress from State Highway Route 2 ("SR-2") located in Wrightwood, California

23  in the County of San Bernardino.  A true and correct copy of a map depicting the general location

24  of Mountain Springs Road and the intersection of SR-2 and location of Maguires' and Krig's

25  Properties is attached to this Complaint as Exhibit 4.  At all times herein mentioned, and for a

26  period of more than 30 years, Mountain Springs Road has been utilized by the Maguires.  The

27  width of Mountain Springs Road utilized by the Maguires is approximately 20 feet.

28      7.    On or about July 2016, and continuing thereafter, Krig, Lance Krig, and DOES 1

-2-
COMPLAINT

G

1 | through 50 have, without the consent of the Maguires, intentionally installed and/or otherwise

2 | maintained rocks and berms which have effectively blocked access of Mountain Springs Road,

3 | thereby preventing ingress and egress by the Maguirse from the Maguire Property along Mountain

4 | Springs Road to SR-2.  Said blockage by Krigs' and DOES 1 through 50 is without the express

5 | and/or implied consent of the Maguires.

6 | **FIRST CAUSE OF ACTION**

7 | **(Express Easement)**

8 | **[Against Lance Krig and DOES 1 through 50]**

9 |     8.    Plaintiffs hereby reallege and incorporate paragraphs 1 through 7 of this Complaint

10 | as though set forth in full herein.

11 |     9.    On or about April 8, 1961, Krig, Lance Krig, and DOES 1 through 50 predecessor-

12 | in-interest's real property which included Krig, Lance Krig, and DOES 1 through 50 parcel number

13 | 3037-311-14 recorded a Grant Deed which expressly reserved a public easement to use Mountain

14 | Springs Road for ingress and egress for access to and from SR-2 along Mountain Springs Road.  A

15 | true and correct copy of the written Grant Deed is attached hereto as Exhibit 5.  This Grant Deed by

16 | reservation reserved a public easement for ingress and egress along Mountain Springs Road to SR-

17 | 2, which included the Maguires' Property.

18 |     10.    A dispute has arisen between the Maguires, Krig, Lance Krig, and DOES 1 through

19 | 50, and each of them, regarding whether or not there is a recorded public easement which reserves

20 | the right for public use, including the right of the Maguires to use Mountain Springs Road for

21 | ingress and egress to their property to and from SR-2 to their property.  The Maguires contend that

22 | the recordation of said Grant Deed reserving a public easement allows them to use Mountain

23 | Springs Road for ingress and egress from their property along Mountain Springs Road to SR-2.

24 | Krigs' and DOES 1 through 50 apparently contend there is no right of reservation for a public

25 | easement under the subject Grant Deed which allows for the Maguires to use Mountain Springs

26 | Road for ingress and egress from their property to SR-2.

27 |     11.    The Maguires hereby request a judicial declaration in their favor which adjudicates

28 | the Grant Deed attached as Exhibit 4 reserved a public easement for the use of Mountain Springs

1   Road for ingress and egress to or from the Maguires' property to SR-2.

2     12. A judicial determination of the rights and responsibilities of the Maguires, Krigs',

3   and DOES 1 through 50 regarding whether an express public easement exists along Mountain

4   Springs Road for ingress and egress to the Maguires' Property is necessarily appropriate at this

5   time in order to prevent a multiplicity of further actions.

6   **SECOND CAUSE OF ACTION**

7   **(Prescriptive Easement)**

8   **[As Against Defendants Lance Krig and DOES 1 through 50]**

9     13. Plaintiffs hereby reallege and incorporate paragraphs 1 through 9 as though set forth

10   wholly and fully herein.

11     14. At the time Krig, Lance Krig and DOES 1 through 50, inclusive, became the said

12   owners of Krig's Property, there existed on a part of their property Mountain Springs Road, which

13   was obviously a roadway which placed Krig and DOES 1 through 50, and each of them, on notice

14   that a road existed for public use by other surrounding land owners, including the Maguires.

15     15. The Maguires, for more than 30 years, have used Mountain Springs Road on a

16   regular basis which established Plaintiffs' use of Mountain Springs Road for ingress and egress to

17   SR-2, which was open and notorious.

18     16. That for the past 30 years and prior to Krigs' and DOES 1 through 50's interruption

19   of the Maguires' use of Mountain Springs Road, the Maguires use of Mountain Springs Road was

20   continuous and uninterrupted.

21     17. The Maguires' use of Mountain Springs Road for ingress and egress to SR-2 was

22   adverse to Krig and DOES 1 through 50, and all predecessor owners-in-interest of the Krig's

23   Property.

24     18. At all times herein mentioned, the Maguires used Mountain Springs Road for

25   ingress and egress to SR-2 under a claim of right in order to gain access for ingress and egress to

26   SR-2.

27     19. The Maguires, based upon facts set forth in this cause of action are thereby

28   requesting that this Court declare that the Maguires have established a prescriptive easement to use

1 Mountain Springs Road across Krigs' and DOES 1 through 50's Property to the extent of the

2 present existing roadway known as Mountain Springs Road, which is approximately 20 feet in

3 width.

### THIRD CAUSE OF ACTION

#### (Easement by Necessity)

**[As Against Defendants Lance Krig and DOES 1 through 50]**

7      20.     Plaintiff hereby realleges and incorporates paragraphs 1 through 19 as though the

8 same were set forth wholly and fully herein.

9      21.     That at all times herein mentioned, Mountain Springs Road is the only access from

10 the Maguires' Property to and from SR-2 during the entire year.  The Maguires' Property is

11 landlocked during the winter season where seasonal elements prevent the Maguires from gaining

12 access to SR-2 on any other alternative route.  The use of Mountain Springs Road by the Maguires

13 is necessary to travel to obtain all of their normal household goods, medical services and travel to

14 any point of destination.

15      22.     That at all times herein mentioned, Mountain Springs Road during the entire year is

16 the only roadway for ingress and egress to the Maguires' Property which would allow for any

17 emergency service to reach the Maguires' Property, including but not limited to fire department,

18 trash, septic and utility services.

19      23.     The Maguires request that this Court declare that said Plaintiffs have an easement by

20 necessity for ingress and egress of Mountain Springs Road across Krigs' and DOES 1 through 50's

21 Property based on the fact an easement for necessity exists for their use.

### FOURTH CAUSE OF ACTION

#### (Nuisance)

**[As Against Defendants Krig, Lance Krig and DOES 1 through 50]**

25      24.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 22 of this Complaint

26 as though set forth fully and wholly herein.

27      25.     Krig, Lance Krig and DOES 1 through 50, starting in July 2016, and on several

28 occasions thereafter, have intentionally and wrongfully, without the consent of the Maguire

1   plaintiffs, implemented obstructions on Mountain Springs Road designed to prevent access on the

2   portion of Mountain Springs Road on Krigs' and DOES 1 through 50's Property.

3        26.    The implementation of obstruction to block use of Mountain Springs Road by Krig

4   and DOES 1 through 50 on the Krig's Property is an unlawful obstruction of free passage and use

5   by the Maguires for ingress and egress on Mountain Springs Road to gain access to SR-2.

6        27.    The Maguires have been harmed by the obstruction due to the fact that they can no

7   longer use Mountain Springs Road for ingress and egress to SR-2 which they have used for more

8   than 30 years without any interruption until Krig and DOES 1 through 50 blocked the use of

9   Mountain Springs Road along the Krig's Property.

10       28.    That as a direct and proximate result of the intentional wrongful conduct of Krig and

11  DOES 1 through 50, the Maguires have suffered damages, including but not limited to, costs to

12  remove obstructions to gain ingress and egress to Mountain Springs Road in order to gain access

13  for ingress and egress to Mountain Springs Road on the Krig's Property, in an amount to be proved

14  at the time of trial.

15       29.    As a further direct and proximate result of the intentional and wrongful acts of

16  defendants Krig, Lance Krig and DOES 1 through 50, the Maguires have suffered damages in the

17  form of annoyance and discomfort in an amount to be determined at the time of trial.

18       30.    Krig, Lance Krig and DOES 1 through 50, inclusive, have performed the acts of

19  nuisance as set forth in this cause of action intentionally, willfully, maliciously, and with a callous

20  disregard for the rights of the Maguires in order to benefit said Defendants to the detriment of the

21  Maguires.  Therefore, the Maguires are entitled to punitive or exemplary damages according to

22  proof.

23                      **FIFTH CAUSE OF ACTION**

24                         **(Injunctive Relief)**

25          **[As Against Defendants Lance Krig and DOES 1 through 50]**

26       31.    Plaintiff hereby realleges and incorporates paragraphs 1 through 30 herein as though

27  the same are set forth wholly and fully herein.

28       32.    At all times herein mentioned, Krig, Lance Krig and DOES 1 through 50, inclusive,

1  have intentionally, wrongfully, and unlawfully performed acts including, but not limited to,

2  installing obstructions for the express purpose of blocking access for ingress and egress on

3  Mountain Springs Road across Krig's and DOES 1 through 50's Property.  Such conduct by Krigs'

4  and DOES 1 through 50, and each of them, has interfered with the Maguires' use of Mountain

5  Springs Road for ingress and egress to SR-2 and have thereby threatened to prevent access to the

6  Maguires' Property for emergency, utility, and trash services.  Accordingly, Krigs' and DOES 1

7  through 50's conduct has and will cause great and irreparable harm to the Maguires unless and until

8  Krig and DOES 1 through 50 are enjoined and required to remove any obstruction which prevents

9  ingress and egress along Mountain Springs Road on the Krig's Property.  The irreparable injury as

10  set forth herein will also cause harm to the public and community as well regarding other neighbors

11  and landowners who use Mountain Springs Road for access to SR-2.

12        33.    The Maguires have no adequate remedy of law for the injuries and damages that will

13  result from the intentional and wrongful conduct of Krigs' and DOES 1 through 50 in installing

14  obstructions which prevent use of Mountain Springs Road for ingress and egress to SR-2 and that it

15  will be difficult for the Maguires to calculate the full amount of damages it will suffer if Krig and

16  DOES 1 through 50 conduct is not enjoined and restrained.

17        WHEREFORE Plaintiffs pray for judgment against defendants and each of them as follows:

18                        **FIRST CAUSE OF ACTION**

19        1.    For a judicial declaration that the easement along Mountain Springs Road to SR-2

20  on Lance Krig and DOES 1 through 50's Property is a public easement which allows for ingress

21  and egress by the Maguires on Mountain Springs Road to SR-2 on a roadway which is 20 feet

22  wide.

23                        **SECOND CAUSE OF ACTION**

24        1.    For a Court declaration the Maguires have a prescriptive easement on Mountain

25  Springs Road along Lance Krig and DOES 1 through 50's Property on a roadway which is 20 feet

26  in width for ingress and egress to SR-2.

27                        **THIRD CAUSE OF ACTION**

28        1.    For a Court declaration the Maguires have an easement by necessity on Mountain

1  Springs Road on Lance Krig and DOES 1 through 50's Property on a roadway which is 20 feet in

2  width for ingress and egress to SR-2.

3                                    **FOURTH CAUSE OF ACTION**

4        1.      For general damages to be proved at the time of trial;

5        2.      For additional damages of annoyance and discomfort in an amount to be proved at

6  the time of trial; and,

7        3.      For punitive or exemplary damages according to proof.

8                                     **FIFTH CAUSE OF ACTION**

9        1.      For the issuance of a temporary restraining order, preliminary and permanent

10  injunction enjoining Krigs' and DOES 1 through 50 from placing any obstruction which prevents

11  ingress and egress of Mountain Springs Road along the Lance Krig and DOES 1 through 50's

12  Property which prevents any ingress and egress to SR-2.

13                                   **ON ALL CAUSES OF ACTION**

14        1.      For costs of suit; and,

15        2.      For such other and further relief as the court deems just and proper.

16  DATED: July 27, 2017                          Respectfully submitted,

17                                                **MAHAFFEY LAW GROUP, P.C.**

18

19                                  By: _____

20                                       DOUGLAS L. MAHAFFEY
                                         STEVEN E. PAGANETTI
21                                       Attorneys for Plaintiffs JOHN R. MAGUIRE and
                                         KATHY MAGUIRE
22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the City of Newport Beach, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 20162 SW Birch Street, Suite 300, Newport Beach, California 92660. On **July 28, 2017**, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:    **FIRST AMENDED COMPLAINT**

SERVED UPON:
                              Mark Krig
                              4021 S. Goose Bay Drive
                              Wasilla, Alaska 99623

☒ **(BY MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Newport Beach, California. I am readily familiar with the practice of Mahaffey Law Group for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in affidavit.

☐ **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile transmission and the transmission was reported as completed and without error. Pursuant to C.R.C. 2009(i), I either caused, or had someone cause, the transmitting machine to properly transmit the attached documents to the facsimile numbers shown on the service list.

☐ **(BY OVERNIGHT DELIVERY)** I am readily familiar with the practice of Mahaffey Law Group for collection and processing of documents for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by FedEx or Overnite Express for overnight delivery or by Express Mail via the United States Postal Service.

☐ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail addresses as listed above and/or on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized by Nationwide to receive documents to be delivered on the same date. A proof of service signed by the authorized courier shall be filed upon receipt from Nationwide.

☒ **(STATE)** I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on **July 28, 2017**, at Newport Beach, California.

                                           **Matt Gaxiola**

13

EXHIBIT

EXHIBIT 1

EXHIBIT

14

RECORDING REQUESTED BY:
STEWART TITLE OF CALIFORNIA, INC.

WHEN RECORDED MAIL TO:

JOHN R. MAGUIRE
P.O. BOX 85
WRIGHTWOOD, CALIFORNIA 92397

Recorded in Official Records, County of
San Bernardino, Larry Walker, Recorder

10.00

Doc No. 19990106416
2:36pm 03/15/99

205 40171166 01 15

| PG | FEE | APF | SIMS | PH CPY | CRT CPV | ADD NM | PEN PR | PCOR |
|----|-----|-----|------|--------|---------|--------|--------|------|
| NON ST | IN- | SVY | CIT-CO | TRANS TAX | DA | CHRG | | EXAM |

ORDER NO.  114-153282
ESCROW NO.  26592

3037-321-04

# GRANT DEED

A.P.N.:   3037-321-01

The undersigned grantor(s) declare(s):
Documentary transfer tax is $_____0_____
(   ) computed on full value of property conveyed, or
(   ) computed on full value less value of liens and encumbrances remaining at time of sale.
(   ) Unincorporated area:   (   ) City of_____, and
FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
KATHY L. BILLER-MAGUIRE

hereby GRANTS to   JOHN R. MAGUIRE AND KATHY BILLER-MAGUIRE, HUSBAND AND WIFE
AS JOINT TENANTS

the following described real property in the
County of   SAN BERNARDINO           , State of  CALIFORNIA

PARCEL 1 OF PARCEL MAP NO. 8637 AS SHOWN BY MAP ON FILE IN BOOK 89 PAGES 58
AND 59 OF PARCEL MAPS, RECORDS OF SAN BERNARDINO COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THE SOUTH 169.59 FEET THEREOF.

DATE: MARCH 9, 1999

STATE OF CALIFORNIA          }
                             } ss.
COUNTY OF  SAN BERNARDINO    }

On  3/9/99        , before me   DIANA M. PRICE

personally appeared  KATHY L. BILLER-MAGUIRE

personally known to me (or proved to me on the basis of satisfac-
tory evidence) to be the person(s), whose name(s) is/are sub-
scribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instru-
ment the person(s) or the entity upon behalf of which the per-
son(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature

_Kathy L. Biller-Maguire_
KATHY L. BILLER-MAGUIRE

DIANA M. PRICE
Commission # 1134881
Notary Public — California
San Bernardino County
My Comm. Expires Apr 21, 2001

(This area for official notarial seal)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT



**EXHIBIT 2**

EXHIBIT

RECORDING REQUESTED BY:

*Lance Krig*

WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENT TO:

Name:  Mark Krig
Street
Address:  10725 Estrella Ave.
          P.O. Box 2171
City
State  Apple Valley, CA 92307
& Zip

Title Order No.: N/A          Escrow No.: N/A

Recorded in Official Records, County of San Bernardino          8/21/2016
                                                                 3:18 PM

**BOB DUTTON**                                                   TP
ASSESSOR – RECORDER – CLERK                                      HE8

P Counter

Doc #:  **2016 - 0244009**          Titles: 1      Pages: 3

| Fees | 31.00 |
| Taxes | 10.45 |
| Other | 0.00 |
| PAID | $41.45 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Grant Deed

The undersigned Grantor(s) declare(s)

DOCUMENTARY TRANSFER TAX IS $ 10.45

☑ Computed on Full Value of the interest or property conveyed, or
☐ Computed on full value less value of liens or encumbrances remaining at time of sale.
☑ Unincorporated Area    City of *Wrightwood*
    Parcel No.: 3037-311-14

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Shay Romo, a widow

Hereby GRANT(s) to:

Mark Krig

The following described real property in the County of San Bernardino _____, State of California

The West 155 Feet as measured along the South line of that portion of the Northwest 1/4 of the Southwest
1/4 Section 35, Township 4 North, Range 7 West, San Bernardino Base and Meridian, more particularly
described on "EXHIBIT A" attached hereto and made a part hereof.

Dated: 6/20/16

STATE OF CALIFORNIA
COUNTY OF San Bernardino
On 6/20/16          before me, Judy
KRAUSIE          A Notary Public, personally
appeared    SHAY ROMO
who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature *Judy Krause*

*Shay Romo*

A notary public or other officer completing this certificate verifies only the
identity of the individual who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or validity of that document.

**JUDY KRAUSE**
COMM. #2031648
Notary Public - California
San Bernardino County
My Comm. Expires June 29, 2017

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE.

| Mark Krig | P.O. Box 2171 | Apple Valley, CA 92307 |
| Name | Street Address | City & State |

EXHIBIT



EXHIBIT 3

EXHIBIT

RECORDING REQUESTED BY
Lance Krig
AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

NAME: Lance Krig

STREET ADDRESS: P.O. Box 7

CITY, STATE & ZIP CODE: Wrightwood, California 92397

Recorded in Official Records, County of San Bernardino

**BOB DUTTON**
ASSESSOR - RECORDER - CLERK

5/18/2017
2:51 PM
DH
HES

P Counter

Doc#: **2017-0205612**

| | Titles: 1 | Pages: 2 |
|---|---|---|
| Fees | | 38.00 |
| Taxes | | 0.00 |
| Other | | 0.00 |
| PAID | | $38.00 |

TITLE ORDER NO.          ESCROW NO.          SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# QUITCLAIM DEED

APN: 3037-311-14

The undersigned grantor(s) declare(s):
DOCUMENTARY TRANSFER TAX $
☐ computed on full value of property conveyed, or
☐ computed on full value less liens and encumbrances remaining at time of sale.
☑ Unincorporated Area   ☑ City of Pinon Hills, San Bernardino County

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, I (We)
Mark G. Krig and Sherri L. Krig, Husband and Wife
hereby remise, release and quitclaim to
Lance G. Krig, a man,
the following described real property in the City of __Unincorporated Pinon Hills__ , County of __San Bernardino County__
State of California, with the following legal description:
As described in EXHIBIT A attached hereto and incorporated herein
See San Bernardino County Recorder's Certificate, Document Number 20170032144 Book 159 of records of survey at Page 54.

May 17, 2017
Date

_Mark G. Krig_
Signature of Grantor

Mark G. Krig
Typed or Printed Name of Grantor

_Sherry L. Krig_
Signature of Grantor

Sherry L. Krig
Typed or Printed Name of Grantor

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF __California__

COUNTY OF __San Bernardino__

On __May 18th 2017__    before    me,    __Grace Gonzales, Notary Public__
(Date)                                              (Name and title of the officer)

personally appeared __Mark G Krig + Sherry Krig__
(Name of person signing)
                                                                                      who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Grace Gonzales_
Signature of officer

GRACE GONZALES
Commission # 2122074
Notary Public - California
San Bernardino County
My Comm. Expires Oct 10, 2019

(Seal)

*There are various types of deed forms depending on each person's legal status. Before you use this form you may want
to consult an attorney if you have questions concerning which document form is appropriate for your transaction.

## EXHIBIT A

### Legal Description of Lot, A.P.N. 3037-311-14

See San Bernardino County Recorder's Certificate, Document Number
20170032144 Book 159 of records of survey at Page 54.

Property in the unincorporated area of San Bernardino County, California:

THE WEST 155 FEET AS MEASURED ALONG THE SOUTH LINE OF THAT
PORTION OF THE NORTWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION
35, TOWNSHIP 4 NORTH, RANGE 7 WEST, SAN BERNARDINO BASE AND
MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED
AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTH LINE OF THE NORTHWEST 1/4
OF THE SOUTHWEST 1/4 OF SECTION 35, A DISTANCE OF 410 FEET WEST
OF THE EAST LINE OF THE NORTHWEST 1/4 OF THE SOUTHWEST 1/4 OF
SAID SECTION 35; THENCE WEST ALONG SAID SOUTH LINE 455 FEET,
MORE OR LESS TO THE SOUTHEAST CORNER OF A PORTION OF LAND
DEEDED TO JAY STANLEY COLLER ET UX, BY DEED DATED JULY 2, 1956
AND RECORDED JULY 16, 1956 IN BOOK 3988, PAGE 37 OFFICIAL
RECORDS; THENCE NORTH ALONG THE EASTERLY LINE OF SAID
COLLER PARCEL, 79 FEET   MORE OR LESS TO ITS POINT OF
INTERSECTION WITH THE SOUTHERLY BOUNDARY LINE OF STATE
HIGHWAY; THENCE NORTHEASTERLY ALONG THE SOUTHERLY LINE
OF STAE HIGHWAY  TO A POINT WHICH IS DISTANT 410 FEET FROM
THE EAST LINE OF THE NORTHWEST 1/4 OF THE SOUTHWEST 1/4;
THENCE SOUTH PARALLEL TO SAID EAST LINE TO THE POINT OF
BEGINNING.

* * * * *

20

EXHIBIT



EXHIBIT 4

EXHIBIT

EXHIBIT

EXHIBIT 5



EXHIBIT



APN: 3037-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

BOOK 5557 PAGE 422

WHEN RECORDED, PLEASE MAIL THIS
INSTRUMENT TO

Louise Allin
P.O. Box 195
Wrightwood, Calif.,

Order No. _____
Escrow No. 35044

160

RECORDED AT REQUEST OF
SECURITY TITLE INSURANCE CO.

OCT 11 1961 a18   A.M.

BOOK 5557 PAGE 422

OFFICIAL RECORDS
San Bernardino County, Calif.
____ V. J. Matthews ____
Recorder

SPACE ABOVE FOR RECORDER'S USE ONLY

160



PLACE INTERNAL REVENUE STAMPS IN THIS SPACE

I. R. S. $ _____

## Grant Deed
### (Individual)

JAT INVESTMENT COMPANY, a partnership,

(GRANTOR - GRANTORS)

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Does   Hereby Grant To
      Louise Allin, a widow,

the real property in the
County of ___ San Bernardino _____, State of California, described as follows:

The West 155 feet as measured along the South line of that portion of the Northwest ¼ of the Southwest ¼ of Section 35, Township 4 North, Range 7 West, SAN BERNARDINO BASE AND MERIDIAN, according to Government Survey, described as follows:

BEGINNING at a point on the South line of the Northwest ¼ of the Southwest ¼ of Section 35 a distance of 410 feet West of the East line of Northwest ¼ of the Southwest ¼ of said Section 35; thence West along said South line 455 feet, more or less to the Southeast corner of a portion of land deeded to Jay Stanley Collar et ux, by Deed dated July 2, 1956 and recorded July 16, 1956 in Book 3923 of Official Records, Page 97, as Instrument Number 530; thence North along the Easterly line of said Collar Parcel 79 feet more or less to its point of intersection with the Southerly boundry line of State Highway; thence Northeasterly along the Southerly line of State Highway to a point which is distant 410 feet from the East line of the Northwest ¼ of the Southwest ¼; thence South parallel to said East line to the point of beginning.
RESERVING a right of way for public road purposes over the West 15 feet of the above described property.

STATE OF CALIFORNIA
COUNTY OF
San Bernardino

On ___ September 22, 1961 ___
before me, the undersigned, a Notary Public in and for
said County and State, personally appeared
_____ Thomas A. Boyles, Sr., _____
_____ known to me
to be one of the partners of the partnership that executed
the within instrument, and acknowledged to me that such
partnership executed the same.

(Seal)

_____ Elizabeth Tuttle _____
(Notary Signature Seal)
ELIZABETH TUTTLE, Notary Public
My Commission Expires May 22, 1964

423

CERTIFIED COPY OF PLAINTIFF'S SUMMONS

SERVED AUGUST 31, 2017

EXHIBIT B



Scanned
ORIGINAL

**SUMMONS ON**
**FIRST AMENDED**
**COMPLAINT**
*(CITACION JUDICIAL)*

**SUM-100**



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 2 8 2017

BY *Paula Rogers*
**Paula Rogers** DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Mark Krig, Lance Krig, and Does 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

John R. Maguire and Kathy Maguire

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* San Bernardino | *(Número del Caso):* CIVDS 1700169 |
| 247 West Third St., San Bernardino, CA 92415 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE: JUL 2 8 2017 | Clerk, by *Paula Rogers* | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* **Paula Rogers** | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

COPY OF EMAIL REQUST FOR STIPULATION

OF COSTS LESS THAN $75,000.00

<u>EXHIBIT C</u>

## Lnc

**From:**   Lnc [scoutnabout@hotmail.com]
**Sent:**    Tuesday, September 26, 2017 9:28 AM
**To:**       dougm@mahaffeylaw.com; steve@mahaffeylaw.com
**Subject:** CIVDS 1700169 Maguire v.

Mr. Mahaffey,

This is regarding the matter of your clients, John and Kathy Biller Maguire, Case No. CIVDS 1700169

After being notified that you were unavailable at this time, I spoke with Janelle Klein at 8:50 on Tuesday September 26, 2017, at 8:50 am. She assured me she was authorized to answer my questions regarding this matter. The purpose of my call was to arrange for a stipulation between us that the costs of litigation, including any damages you feel may be warranted, will NOT exceed $75,000,00 (seventy five thousand dollars). Ms Klein stated that your firm would not be willing to stipulate to such.

It should be noted that you had not stated any amount by or through your "First Amended Verified Complaint". I am assuming this is in line with applicable law.

Whereby, I am extending this request to you personally at this time and if you feel you are so inclined to accept any such stipulation please immediately contact me by and through email, or at (702) 203-3675.

Thank you for your prompt attention regarding this matter.

Lance Krig
mstorch6@outlook.com
(702) 203-3675

9/28/2017

**Lnc**

| | |
|---|---|
| **From:** | postmaster@mahaffeylaw.com |
| **Sent:** | Tuesday, September 26, 2017 9:29 AM |
| **To:** | scoutnabout@hotmail.com |
| **Subject:** | Delivered: CIVDS 1700169 Maguire v. |
| **Attachments:** | details.txt; ATT00028.txt |

**Your message has been delivered to the following recipients:**

dougm@mahaffeylaw.com (dougm@mahaffeylaw.com)

Subject: CIVDS 1700169 Maguire v.

9/28/2017